IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HUNTCO SUPPLY, LLC,** | 07-CV-401-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **STARLITE MEDIA, LLC,** | |
| Defendant. | |

**JOHN F. NEUPERT**
**MICHELLE E. BARTON**
Miller Nash, LLP
3400 U.S. Bancorp Tower
Portland, OR 97204-3699
(503) 224-5858

        Attorneys for Plaintiff

**J. PETER STAPLES**
**SUSAN D. PITCHFORD**
Chernoff, Vilhauer, McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204-3157
(503) 227-5631


1 - OPINION AND ORDER

**WESLEY W. WHITMIRE, JR.**
**CHRISTOPHER H. STRATE**
St. Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905-5619
(203) 324-6155

        Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Defendant Starlite Media's Motion to Dismiss for Lack of Personal Jurisdiction (#12). On August 3, 2007, the Court heard oral argument on the Motion and granted Plaintiff's Alternative Motion to Take Jurisdictional Discovery (#22). The Court allowed the parties to file supplemental briefs as to Defendant's Motion to Dismiss and took the Motion under advisement on October 15, 2007.

    For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.


### BACKGROUND

    Defendant Starlite Media and Plaintiff Huntco Supply manufacture and sell security enclosures for bicycles and similar small vehicles. Defendant sold a product called BikeLid under United States Patent 6,068,120 ('120 Patent) issued to Defendant on May 30, 2000. Plaintiff, an Oregon company, seeks a declaration that its "BikePod" bicycle-cover design does not

2 - OPINION AND ORDER

infringe Defendant's '120 Patent.

Defendant (formerly known as BikeLid Systems, LLC, and Plastron Products, LLC) is a Delaware limited liability company with its principal place of business in New York City, New York. Defendant also maintains an office in Murietta, California. Defendant is not registered or licensed to do business in Oregon, has never been part or full owner of an Oregon business venture, does not have bank accounts or property in Oregon, does not have Oregon employees or an Oregon registered agent, and does not manufacture goods in Oregon.

Defendant has sold BikeLids in Oregon in four separate transactions since 1998:  four BikeLids to Tri-County Metropolitan Transportation District of Oregon (TriMet) on October 20, 1998, for $4400; 15 BikeLids to Tri-Met on October 4, 1999, for $16,560; five BikeLids to Washington County on October 7, 1999, for $5,930; and one BikeLid to the University of Oregon Office of Public Safety on January 18, 2002, for $150.  At the PGE Park Tri-Met Station in Portland, Oregon, there are three BikeLids. At least one of them is legibly labeled as a "BikeLid"; displays Washington and New York telephone-contact information (no longer the correct telephone numbers to contact Defendant); and shows the website www.bikelid.com, which is a passive, information-only website.  The website is still active and provides information about BikeLids and contact information for Starlite (still called

3 - OPINION AND ORDER

"BikeLid Systems, LLC" on the site), but visitors cannot purchase BikeLids on-line through the website.  *See* BikeLid Systems, http://www.bikelid.com (last visited December 7, 2007).  In March 2007, Defendant provided pricing information by email to an employee of Tri-Met, Young Park, who requested the information through the website when Tri-Met was considering the purchase of additional bicycle lockers.  Defendant, however, has not sold any BikeLids in Oregon since 2002 nor has it granted any licenses under the '120 Patent.

In 2006 Defendant learned Plaintiff was selling a "BikePod" on its website.  On November 29, 2006, Defendant sent Plaintiff a letter in Oregon alleging Plaintiff's BikePod infringed Defendant's '120 Patent.  Defendant demanded Plaintiff cease infringement and supply a complete customer list and a full accounting to Defendant so Defendant could determine the scope of Plaintiff's potential infringement.  On January 12, 2007, Plaintiff responded to Defendant's November 29, 2006, letter by denying its product infringed Defendant's '120 Patent and giving reasons for its position.  On March 2, 2007, Defendant sent another letter to Plaintiff in Oregon challenging Plaintiff's reasons as to why its BikePod did not infringe the '120 Patent.  Defendant reiterated its demand that Plaintiff cease all infringing activities immediately.

On March 19, 2007, Plaintiff filed its Complaint in this

4 - OPINION AND ORDER

Court seeking a declaratory judgment that its BikePod does not infringe Defendant's '120 Patent. On April 26, 2007, Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction.

## **STANDARDS**

When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). If the court makes a jurisdictional decision based only on pleadings and any affidavits submitted by the parties and does not conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). When determining whether the plaintiff has made a *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002). When a court rules on a defendant's motion to dismiss for lack of

5 - OPINION AND ORDER

personal jurisdiction without holding an evidentiary hearing, the court must resolve factual conflicts in the parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003). *See also Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

The district court applies the law of the Federal Circuit rather than the law of the regional circuit to determine whether the district court has personal jurisdiction over the defendant in a patent-infringement case. *Red Wing Shoe Co, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). *See also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Personal jurisdiction over a nonresident defendant is proper only if the forum state's long-arm statute confers personal jurisdiction and the exercise of jurisdiction comports with federal due-process standards. *Red Wing*, 148 F.3d at 1358. "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process," which collapses these two requirements into an analysis of whether personal jurisdiction is fair and reasonable consistent with the Constitutional law of due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)(citing Oregon Rule of Civil Procedure 4L). *See also Elec. for Imaging*, 340 F.3d at 1350. In other words, the maintenance of the lawsuit cannot offend "traditional notions of fair play

6 - OPINION AND ORDER

and substantial justice." *Internat'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)(internal quotation omitted).

A court's personal jurisdiction over a particular defendant is proper either as "general" or "specific" personal jurisdiction. *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). General jurisdiction lies when a state's long-arm statute confers jurisdiction or when a defendant's contacts with the forum state are "continuous and systematic . . . even when the cause of action has no relationship with those contacts." *Id.* (citing *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). If a defendant's contacts with the forum are not continuous and systematic, but are "isolated and sporadic," specific jurisdiction may lie if the plaintiff's claim "arises out of" or "relates to" the defendant's contacts with the forum state and due-process requirements are satisfied. *Silent Drive*, 326 F.3d at 1200 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Defendant moves this Court to dismiss Plaintiff's Complaint on the ground that the Court lacks personal jurisdiction. Defendant contends the Court does not have general jurisdiction because Defendant has not maintained continuous and systematic

7 - OPINION AND ORDER

contacts with Oregon.  Defendant also contends it has not had sufficient contacts with Oregon to provide a basis for specific jurisdiction.

Plaintiff contends it has pled sufficient facts in its Complaint to support a finding that the Court has both general and specific jurisdiction over Defendant.

**I.   General Jurisdiction**.

Plaintiff contends Defendant has established a presence in Oregon sufficient to establish that this Court has general jurisdiction over Defendant.  Defendant completed at least four sales of 25 BikeLids totaling approximately $27,000 to Oregon entities.  Moreover, Plaintiff asserts Defendant's BikeLid units serve as a continuous advertising presence in Oregon because they contain the name of the product, telephone numbers, and a website address for Defendant.  Defendant also sent pricing information to Tri-Met employee Young Park on Tri-Met's behalf as recently as Spring 2007.  Plaintiff contends these actions by Defendant constitute an advertising scheme that continuously solicits sales in Oregon and, therefore, that establishes the Court's general jurisdiction over Defendant.

Defendant maintains its Oregon contacts are sporadic and limited and do not establish this Court's general jurisdiction. Although Defendant has made sales to Oregon residents, it has made merely four Oregon sales and has not made any sales since

8 - OPINION AND ORDER

2002. The most recent BikeLid sale in Oregon was a single unit sold to the University of Oregon, which is not a commercial entity. Moreover, Defendant disputes whether the recent price quote to Tri-Met affects the general jurisdictional analysis because Defendant sent the quote at Tri-Met's request. Thus, Defendant contends it has not engaged in a traditional advertising campaign or an active advertising scheme that targets Oregon residents. Defendant also contends its website is not sufficient to establish the Court's general jurisdiction over Defendant because it is a passive site that only provides information, does not facilitate on-line sales, and is not targeted at Oregon residents.

    **A.   The Law.**

General jurisdiction is a high standard based on a defendant's substantial and continuing contacts with the forum state sufficient "to approximate physical presence" there. *See N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578 (Fed. Cir. 1994). "Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Helicopteros*, 466 U.S. at 414.

Neither the Supreme Court nor the Federal Circuit has "outlined a specific test to follow when analyzing whether a defendant's activities within a state are 'continuous and systematic.' Instead, a court must look at the facts of each case to make a particular determination." *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

**B. Analysis.**

Defendant's contacts with Oregon consist of four sales of 25 BikeLids over a span of five years. Defendant has sold only one BikeLid in Oregon in the last eight years. As noted, Defendant is not registered or licensed to do business in Oregon, has never been part or full owner of an Oregon business venture, does not have bank accounts or property in Oregon, does not have Oregon employees or a registered agent, and does not manufacture goods in Oregon. These facts do not support a finding that this Court has general jurisdiction over Defendant because they neither establish a systematic basis for Defendant to conduct its business in Oregon nor do they commit Defendant to continuing obligations in Oregon like a contractual obligation with an Oregon resident might. Moreover, Defendant's contacts with Oregon are temporally sporadic and do not demonstrate continuous contact with the forum.

Plaintiff also contends Defendant's website, the information on the BikeLids present in Oregon, and Defendant's recent

response to Tri-Met's product inquiry constitute an ongoing advertising scheme that subjects Defendant to this Court's general jurisdiction. As noted, the only effective information on Defendant's BikeLids is the website because the telephone numbers on the BikeLids no longer belong to Defendant.

In *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, the Federal Circuit noted decisions of other courts in which defendants have had a generally available web page that is not directed at the residents of the forum state. The court observed such evidence "does not by itself show any persistent course of conduct" by a defendant in a particular forum. 395 F.3d 1275, 1281 (Fed. Cir. 2005)(citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000)). The court also noted other courts have suggested that a "highly interactive, transaction-oriented website" as opposed to a passive, information-only website might support a finding that this Court has general personal jurisdiction over Defendant when customers can do business entirely through the website. *Id.* In any event, the Federal Circuit has not embraced the position that any web page, passive or active, establishes general jurisdiction. Because Defendant's website does not facilitate sales of BikeLids but only describes the function of BikeLids, gives customer testimonials, and allows general access to Defendant's contact information without targeting Oregon

11 - OPINION AND ORDER

residents specifically, this Court concludes Defendant's website is not sufficient to support a finding that this Court has general jurisdiction over Defendant.

Thus, the Court concludes, on this record, that Defendant's contacts with Oregon are not sufficient "to approximate" Defendant's physical presence in Oregon and do not support a finding of general personal jurisdiction over Defendant.

**II.  Specific Jurisdiction.**

The fact that the Court does not have general jurisdiction over the Defendant does not end the inquiry.  As noted, a Defendant's sporadic and isolated contacts with a state may be sufficient to exercise specific personal jurisdiction over a defendant if the case arises out of or relates to those contacts. *See Silent Drive*, 326 F.3d at 1200.  Under this rationale, "even a single contact with a forum state may suffice for [specific] personal jurisdiction if it is directly and substantially related to the plaintiff's claim."  *Red Wing*, 148 F.3d at 1359.

**A.  The Law.**

For purposes of determining whether a court has specific jurisdiction over a defendant, the Federal Circuit considers three factors:  Whether "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) personal jurisdiction is reasonable and

fair."  *Elec. for Imaging*, 340 F.3d at 1350.

For purposes of noninfringement claims under patent law, the Federal Circuit has adopted specialized rules for determining whether a defendant's contacts with the forum state are sufficient minimum contacts to establish specific jurisdiction. The parties agree and the case law reflects that a defendant's cease-and-desist letters, "without more," are not sufficient to establish personal jurisdiction over a defendant even though the letters are purposefully directed at the forum and the noninfringement claim arises out of those contacts.  *Red Wing*, 148 F.3d at 1360-61.  The court in *Red Wing* explained its holding:

> A better explanation for this court's statement that cease-and-desist letters alone do not suffice to create personal juris- diction lies in the second prong of the traditional Due Process inquiry.  This prong examines whether the maintenance of personal jurisdiction would comport with fair play and substantial justice.  Thus, even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum.  A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with

13 - OPINION AND ORDER

principles of fairness.

*Id.* Thus, even though cease-and-desist letters constitute sufficient minimum contacts, they do not alone suffice to confer specific jurisdiction "without more." Because Defendant sent two cease-and-desist letters to Plaintiff in Oregon that gave rise to this action, the question for the Court is whether Defendant's other contacts with Oregon constitute "something more" that would make haling Defendant into court in Oregon reasonable and fair. As noted, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit." *Silent Drive*, 326 F.3d at 1202.

**B.   Analysis.**

In several cases, the Federal Circuit has addressed disputes arising from facts similar to but distinct from this matter. Plaintiff relies primarily on two cases from the Federal Circuit to support its contention that Defendant is subject to this Court's specific jurisdiction in Oregon: *Red Wing* and *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996). In *Red Wing*, the court found it did not have jurisdiction over a noninfringement action in which the defendant, a Louisiana corporation, sent cease-and-desist letters to the plaintiff, a Minnesota corporation. 148 F.3d at 1357-62. The defendant's

14 - OPINION AND ORDER

other contacts with the forum included thirty-four nonexclusive licensees that sold the defendant's products in the forum.  *Id.*  Six of these licensees had retail stores in the forum even though none of them were registered or headquartered there, and the defendant received royalties from its licensees for sales of its products in that forum.  *Id.*  Despite these contacts, the court held it did not have personal jurisdiction over the defendant because the defendant "exercise[d] no control over the sales activities of its licensees."  *Id.* at 1357.  "In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota."  *Id.* at 1361.  The court held the unilateral actions of the nonexclusive licensees were not attributable to the defendant, and, therefore, the defendant did not have sufficient contact with the forum to establish the court's specific jurisdiction over the defendant.  *Id.* (citing *Burger King*, 471 U.S. at 475 n.17).

In *Viam*, the court held it had specific jurisdiction over Spal, an Italian corporation that had sent cease-and-desist letters to Viam, a California corporation.  84 F.3d at 426-29.  Spal's additional contacts with the forum included placing its patented product into the stream of commerce through an exclusive Iowa distributor and purposefully exploiting the California market through its distributor's advertising in California.  *Id*. at 429-29.  The court held:  "It is not unfair to require that an

15 - OPINION AND ORDER

out-of-state patent-holder who asserts its rights through a local distributor in its regular chain of distribution against an in-state party be held to have subjected itself to the due process of the relevant jurisdiction." *Id.* at 429. In both *Red Wing* and *Viam*, the Federal Circuit relied on the holding of the Supreme Court in *World Wide Volkswagen Corp. v. Woodson*: "The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." 444 U.S. 286, 297-98 (1980).

Defendant, in turn, relies primarily on *Silent Drive* and *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006), to support its contention that the Court does not have personal jurisdiction over Defendant. In *Silent Drive*, the court found it did not have personal jurisdiction over the defendant Strong Industries, a Texas corporation that had sent two cease-and-desist letters to the plaintiff Silent Drive, an Iowa corporation. 326 F.3d at 1197-1202. The defendant's additional contacts with the forum included sales of equipment (not including the patented product in dispute), demonstration of the patented product in a trade show, and the purchase of some equipment from the plaintiff. *Id.* at 1197. The defendant had never advertised or sold its patented

16 - OPINION AND ORDER

product in the forum.  *Id*.  The court held these contacts, even in combination with the two cease-and-desist letters, were not sufficient to establish the court's personal jurisdiction over the defendant in light of the fact that "the defendants' other contacts with Iowa . . . were sporadic and had nothing to do with the '698 patent."  *Id*. at 1202.

In *Breckenridge*, the Federal Circuit noted the difficulty that district courts were having when trying to determine the "other activities" beyond cease-and-desist letters that were sufficient to establish specific jurisdiction over an out-of-state defendant in a declaratory action for noninfringement.  The court reviewed the circuit's relevant decisions to offer "clearer guidance on this issue."  444 F.3d at 1363-67.  After analyzing a number of cases, the court noted the contrasting outcomes between those cases in which a nonexclusive licensee sold the patented product in the forum without the patent-holder's direction or control and those cases in which the patent-holder exclusively licensed the sale of its patented product to a licensee who, while not headquartered in the forum, sold the product in the forum under the direction or control of the patent-holder defendant.  *Id*. at 1366.  In the first group of cases, the courts held they did not have personal jurisdiction.  In the second group, the courts properly held they had personal jurisdiction.

17 - OPINION AND ORDER

*Id.* The *Breckenridge* court concluded the defendant's cease-and-desist letters, together with its contacts with the forum via an exclusive licensee that sold the defendant's products in the forum state of Florida but was not incorporated there, were sufficient to establish the court's personal jurisdiction over the defendant. *Id.* at 1367. "[T]hrough its relationship with [its exclusive licensee], which sells products in Florida, [the defendant] has purposefully availed itself of the privilege of conducting activities within Florida." *Id.* at 1367. "Thus, the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease-and-desist letters or mere attempts to license the patent at issue there." *Id.*

The Court concludes the following general rule emerges from these cases: When a defendant sends cease-and-desist letters to a state forum alleging patent infringement and the defendant sells its patented product in the forum state on its own or through an exclusive licensee, the defendant has sufficient contacts with the forum state to establish a court's specific jurisdiction. In such circumstances, the plaintiff's claim for relief arises out of both the defendant's purposeful contacts with the forum (the cease-and-desist letters), which establish the defendant's minimum contacts with the forum, and the defendant's purposeful placement of its patented product into the

18 - OPINION AND ORDER

stream of commerce in the forum state makes it fair for due-process purposes to hale the defendant into court in that state.

Here Defendant sent two cease-and-desist letters to Plaintiff. Defendant sold its patented product directly to residents of Oregon in four separate transactions. Defendant also maintains some level of advertising its products in Oregon and has recently responded to a request by an Oregon resident for sales information. Plaintiff's claim seeking a declaratory judgment for noninfringement of a patent, therefore, arises out of Defendant's purposeful contacts with Oregon: the cease-and-desist letters. Defendant's additional contacts with Oregon are sufficient to constitute the "something more" contemplated by the Federal Circuit to make it reasonable and fair for this Court to have personal jurisdiction over Defendant just as it would if Defendant's product caused some injury in Oregon. In summary, Defendant does not offer any persuasive argument that this Court's jurisdiction over Defendant would offend the principles of fair play and substantial justice.

The Court concludes, therefore, it has personal jurisdiction over Defendant in this matter.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (#12).

19 - OPINION AND ORDER

IT IS SO ORDERED.

DATED this 20th day of December, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER