IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**HUNTCO SUPPLY, LLC,**                                07-CV-401-BR

       **Plaintiff,**                               OPINION AND ORDER

v.

**STARLITE MEDIA, LLC,**

       **Defendant.**


**JOHN F. NEUPERT**
**MICHELLE E. BARTON**
Miller Nash, LLP
111 S.W. Fifth, Ave., Suite 3400
Portland, OR  97204
(503) 224-5858

       Attorneys for Plaintiff

**J. PETER STAPLES**
**SUSAN D. PITCHFORD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR  97204
(503) 227-5631


1  -  OPINION AND ORDER

**CHRISTOPHER H. STRATE**
**WESLEY W. WHITMYER, JR.**
St. Onge Steward Johnston & Reens, LLC
986 Bedford St.
Stamford, CT  06905
(203) 324-6155

       Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on the Motion (#58) for Summary Judgment of Defendant Starlite Media, LLC, and the Motion (#64) for Summary Judgment of Plaintiff Huntco Supply, LLC.  For the reasons that follow, the Court

    1.    **DENIES** Defendant Starlite's Motion in its entirety;

    2.    **GRANTS in part** and **DENIES in part** Plaintiff Huntco's Motion as follows:

        a.    **GRANTS** Huntco's Motion for a declaratory judgment that the BikePod does not literally infringe Claim One of the '120 Patent;

        b.    **DENIES** Huntco's Motion for a declaratory judgment that the BikePod does not infringe Claim One of the '120 Patent under the Doctrine of Equivalents; and

        c.    **DENIES** Huntco's Motion for a declaratory judgment that Starlite is not entitled to damages.

**BACKGROUND**

     The following facts are undisputed unless otherwise noted:

Starlite (formerly known as BikeLid Systems, LLC, and Plastron Products, LLC) is a Delaware limited-liability company with its principal place of business in New York City, New York. Huntco is an Oregon limited-liability company with its principal place of business in Portland.

Starlite manufactures and sells security enclosures for bicycles and similar small vehicles. On May 30, 2000, Starlite was issued United States Patent No. 6,068,120 ('120 Patent), which describes an enclosure for a bicycle or small vehicle. Starlite sold a product called BikeLid based on the '120 Patent.

Huntco also has designed a security enclosure for a bicycle named BikePod. Huntco has offered the BikePod for sale, but it has not yet sold any BikePods.

In 2006 Starlite became aware of Huntco's BikePod. On November 29, 2006, Starlite sent Huntco a letter alleging the BikePod infringed the '120 Patent. Starlite demanded Huntco cease infringing the '120 Patent and supply a complete customer list and a full accounting to Starlite so it could determine the scope of Huntco's infringement. On January 12, 2007, Huntco responded to Starlite's November 29, 2006, letter and denied the BikePod infringed the '120 Patent. On March 2, 2007, Starlite again sent a letter to Huntco and reiterated its demand that Huntco cease all infringing activities immediately.

On March 19, 2007, Huntco filed a Complaint in this Court

3  -  OPINION AND ORDER

seeking a declaratory judgment that the BikePod does not infringe Starlite's '120 Patent. On January 9, 2008, Starlite filed its Answer and Counterclaim for infringement of its '120 Patent and requested this Court to award damages and attorneys' fees to Starlite and to enjoin Huntco from further infringement of the '120 Patent.

On October 14, 2008, Starlite filed a Motion for Summary Judgment against Huntco for literal infringement of Claim One of Starlite's '120 patent.

On October 31, 2008, Huntco filed a Motion for Summary Judgment seeking (1) a declaration that the BikePod does not infringe Claims One or Fourteen of the '120 patent and (2) summary judgment as to whether Starlite is entitled to damages.

On February 4, 2009, the Court heard oral argument on both Motions. At oral argument, Starlite conceded the BikePod does not infringe Claim Fourteen of the '120 Patent. Accordingly, the only remaining issues are whether Huntco infringed Claim One of Starlite's '120 Patent and whether Starlite is entitled to damages for any such infringement.

## **STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact

4  -  OPINION AND ORDER

and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

## DISCUSSION

I.  **Infringement of Claim One of the '120 Patent.**

Starlite contends the BikePod infringes Claim One of its '120 Patent both literally and under the Doctrine of Equivalents. Huntco contends the BikePod does not infringe Claim One of the

5   -   OPINION AND ORDER

'120 Patent either literally or under the Doctrine of Equivalents.

### A. Standards.

A device or process can infringe a patent literally or under the Doctrine of Equivalents. *Amhil Enter., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562-63 (Fed. Cir. 1996). A patent holder has the right to "exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States." 35 U.S.C. § 154(a)(1). A party infringes the patent if, "without authority," it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a).

The boundaries of an invention are defined by patent claims contained in a "specification." 35 U.S.C. § 112. The specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." *Id.*

Infringement analysis involves two steps: (1) "[T]he court determines the scope and meaning of the patent claims asserted" through claim construction and (2) "the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v.*

*FAS Tech., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998)(citations omitted).

    **B.   The '120 Patent.**

Claim One of the '120 Patent describes

> An enclosure for a vehicle comprising:
>
> > a frame having a cross-rod component terminating at first and second ends, and an upwardly extending rod component connected to said cross-rod component, said upwardly extending rod component being shaped so as to flank a side of the vehicle for lateral support thereof; and
> >
> > a rigid shell pivotally mounted to the cross-rod component between its first and second ends to swing between an open position for insertion and removal of the vehicle, and a closed position wherein said shell is lowered to at least substantially enclose the vehicle to resist theft of the vehicle or components thereof.

On July 3, 2008, the Court held a *Markman* hearing regarding the claim construction of the '120 Patent. On August 21, 2008, the Court issued an Order on Claim Construction in which it construed Claim One as follows:

| **Claim Element** | **Claim Construction** |
|---|---|
| A frame having a cross-rod component terminating at first and second ends; | The cross-rod component crosses a portion of the width of the enclosure between the first and second ends. |

| | |
|---|---|
| and an upwardly extending rod component connected to said cross-rod component, said upwardly extending rod component being shaped so as to flank a side of the vehicle for lateral support thereof; and | A rod generally extending upwards from the cross-rod component and shaped so as to flank a side of the vehicle for lateral support thereof. |
| a rigid shell pivotally mounted to the cross-rod component between its first and second ends to swing between an open position for insertion and removal of the vehicle, and a closed position wherein said shell is lowered to at least substantially enclose the vehicle to resist theft of the vehicle or components thereof. | No construction necessary. |

**C.   The BikePod.**

The BikePod is generally composed of a base, a wheel guide, a fixed shell, and a rotating shell.

The base of the BikePod is made of shaped metal tubing.  The base is a continuous and curvilinear folded oval without any right angles that is formed by two stacked "U" shapes that are connected at the top of the "U" shape or the rear of the BikePod.

The wheel guide connects the upper and lower "U" shapes at the bottom of the "U" shape or the front of the BikePod.  The fixed shell is also attached to the front of the BikePod.  The rotating shell is attached to either side of the "U" shape or either side of the BikePod.

**D.   Literal infringement of Claim One of the '120 Patent.**

Starlite seeks summary judgment that the BikePod includes

8   -   OPINION AND ORDER

each and every limitation in Claim One of the '120 Patent and, therefore, literally infringes Claim One.  To the contrary, Huntco seeks a declaratory judgment that the BikePod does not include each and every limitation of Claim One and, therefore, does not literally infringe Claim One of the '120 Patent.

Whether literal infringement has occurred is ordinarily a question of fact.  *Insituform Tech., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 692 (Fed. Cir. 1998).  Literal infringement of a claim exists "when every limitation recited in the claim is found in the accused device."  *Enercom GmbH v. Int'l Trade Comm'n*, 151 F.3d 1376, 1385 (Fed. Cir. 1998).

Huntco contends the BikePod does not infringe Claim One of the '120 Patent because it does not include the limitation of a cross-rod component that "crosses a portion of the width of the enclosure in between the first and second ends" as illustrated by the fact that the BikePod base is one continuous piece of metal tubing and does not have any ends.  Starlite, however, contends the BikePod has a cross-rod component that "crosses a portion of the width of the enclosure in between the first and second ends, and, therefore, the BikePod includes each and every limitation of Claim One.

Starlite's expert, Fred Smith, concludes in his report that the BikePod has "two tubes that are part of that structure that cross the width of the enclosure between the first and second

9   -   OPINION AND ORDER

ends" and that the BikePod base is composed of eight pieces of tubing that include four straight pieces that form the sides of the BikePod, two U-shaped pieces that form the front of the BikePod, and two curved pieces or elbows that connect the upper and lower portion of the BikePod's base.  All of these pieces are welded together.  Smith places the "first and second ends" at the theoretical weldpoints between the straight side pieces and the curved pieces that connect the upper and lower portions of the base.  Smith, noting there is not anything in the language of Claim One that prohibits attachments to the ends of the cross-rod component, concludes the connecting pieces between the upper and lower portions of the BikePod base are merely elbows that are attached to the "ends" of the BikePod base.  Smith states his opinion is based in part on a comparison between the BikePod base and Figure 15 of the '120 Patent.  Figure 15 of the '120 Patent, however, does not depict the "cross-rod component" element of Claim One, but rather the cage described in Claim Fourteen.  Accordingly, the Court concludes Smith's opinions that are based on the above comparison are not probative as to whether the BikePod includes a cross-rod component that "crosses a portion of the width of the enclosure in between the first and second ends."

As noted, Starlite asserts the connecting pieces between the upper and lower portions of the base are elbows attached to the "first and second ends."  Even assuming Huntco manufactures the

10   -   OPINION AND ORDER

BikePod in the manner described by Smith, however, the record does not establish the weld joints are properly construed as "first and second ends."  Although the Court agreed with Starlite at the *Markman* hearing on July 3, 2008, that the language of Claim One does not necessarily preclude the attachment of elements to the cross-rod component, there is not anything in the record to support Starlite's assertion that the BikePod includes "first and second ends" to which elbows are attached.  Indeed, the BikePod's design drawings indicate the base is composed of a single, curvilinear piece of tubing that continues in a circular fashion.  Such a continuous and circular frame is not consistent with the language of Claim One, which requires the claimed device to include termination points in the form of first and second ends.

On this record, therefore, the Court concludes a reasonable jury could not find the BikePod includes a "cross-rod component" that "crosses a portion of the width of the enclosure in between the first and second ends."  Accordingly, Huntco is entitled to summary judgment that it did not literally infringe Claim One of the '120 Patent because the BikePod does not include each and every limitation of the claim.

The Court, therefore, grants Huntco's Motion for Summary Judgment as to literal infringement and denies Starlite's Motion in its entirety.

11   -   OPINION AND ORDER

### E. Infringement under the Doctrine of Equivalents.

In its Motion for Summary Judgment, Huntco also contends it is entitled to summary judgment on Starlite's Counterclaim of infringement under the Doctrine of Equivalents. According to Starlite, however, Huntco is not entitled to summary judgment on this issue because a genuine issue of material fact exists as to whether Huntco infringed Claim One of the '120 Patent under the Doctrine of Equivalents.

In its Motion, Huntco asserts Starlite has not presented any evidence to support its Counterclaim of infringement under the Doctrine of Equivalents other than a one-sentence conclusory statement in Smith's initial report. To support its Counterclaim, however, Starlite included nine new factual allegations in its Concise Statement of Material Facts in Support of its Opposition to Plaintiff's Motion for Summary Judgment that are pertinent to the issue of infringement under the Doctrine of Equivalents. Starlite also attached a second report dated November 17, 2008, by its expert, Fred Smith, to support the nine new factual allegations. Huntco did not rebut the new alleged facts but instead objected to Smith's second report on the grounds that it is conclusory, it was filed late, and the late filing is prejudicial to Huntco.

At oral argument, Starlite contended the nine

unrebutted factual allegations should be deemed admitted for purposes of its Motion pursuant to Local Rule (LR) 56(f) because Huntco does not specifically rebut them in its Reply as required by the rule.  Huntco, however, argued each of the nine new factual allegations were rebutted in the record and, therefore, could not be deemed admitted under LR 56(f).  Accordingly, the Court granted Huntco permission to file a statement identifying where the nine factual allegations were rebutted in the record.  On February 5, 2009, Huntco filed a short statement in which it advised the Court it would stand on its previous legal objections to Smith's second report rather than specifically rebut the nine new factual allegations.

> **1.  Huntco's objections to consideration of Smith's second report.**
>
> **a.  Smith's second report is untimely.**

Huntco objects to consideration of Smith's second report on the ground that it was filed late.

Rule 26 requires disclosure of expert-witness reports to the other party to include a "complete statement of all opinions the witness will express and the basis and reasons for them."  Here the Court established a deadline of October 6, 2008, for disclosure of expert reports.  Starlite submitted Smith's second report on November 17, 2008, more than a month after the deadline set by the Court.  At oral argument, Starlite

13   -   OPINION AND ORDER

asserted Smith's second report was not filed untimely because it contains only previously disclosed material and merely augments Smith's initial report as to the Doctrine of Equivalents.

Although Starlite's initial expert report refers to the Doctrine of Equivalents, it does not include "a complete statement" of Smith's opinion as to that issue.  In fact, Smith concluded in his initial report that an analysis of infringement under the Doctrine of Equivalents was unnecessary, and, therefore, he did not fully apply the Doctrine.  Smith's second report, however, is wholly devoted to an analysis of how the BikePod infringes Claim One of the '120 Patent under the Doctrine of Equivalents, which is more than a mere augmentation of material disclosed in his initial report.  Thus, the Court concludes Smith's second report constitutes previously undisclosed expert material and, accordingly, was filed untimely.

**b.    Smith's second report is not conclusory.**

Huntco also objects to Smith's second report on the ground that it is conclusory.  "[C]onclusory statements regarding equivalence, without any particularized evidence and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device, or with respect to the 'function, way, result' test," is insufficient to invoke the "substantive application of the Doctrine of

14   -   OPINION AND ORDER

Equivalents." *PC Connector Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005)(citing *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)). In his second report, Smith compares elements of Claim One of the '120 Patent to elements of the BikePod and describes how the differences between the two are insubstantial. The Court concludes, therefore, that Smith's second report is sufficiently descriptive as to the basis of Smith's opinion.

### c.  Prejudice.

The Court has found Smith's second report is sufficiently descriptive as to the basis of Smith's opinions, but that the second report was filed untimely. Nevertheless, any prejudice that might have been caused by the untimeliness of the report was alleviated when the Court afforded Huntco an opportunity to rebut the new factual allegations that were supported by the late-filed report. As noted, Huntco declined to do so.

Thus, balancing the Court's assessment of the issues raised by these three objections, the Court concludes in the exercise of its discretion that Smith's second report should be considered as it pertains to Starlite's Counterclaim that Huntco infringed Claim One under the Doctrine of Equivalents, and, therefore, the Court overrules for purposes of the pending Motions Huntco's objections to Smith's second report.

15   -   OPINION AND ORDER

### 2. Smith's second report raises a fact question as to infringement under the Doctrine of Equivalents.

Huntco contends it is entitled to a declaratory judgment that the BikePod does not infringe Claim One of the '120 Patent under the Doctrine of Equivalents.  As noted, however, Starlite contends a genuine issue of material fact exists as to this issue.

"An accused device that does not literally infringe a claim may still infringe under the Doctrine of Equivalents if each limitation of the claim is met in the accused device either literally or equivalently."  *Cybor Corp.*, 138 F.3d at 1459-60 (citations omitted).  "An element in the accused product is equivalent to a claim limitation if the differences between the two are insubstantial to one of ordinary skill in the art."  *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331-32 (Fed. Cir. 2001)(citation and quotation marks omitted).  To evaluate the Doctrine of Equivalents, "the following test is often used:  if the 'function, way, or result' of the assertedly substitute structure is substantially different from that described by the claim limitation, equivalence is not established."  *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999)(citations omitted).

Based on Smith's second report, Starlite asserts the BikePod is equivalent to the invention in the '120 Patent because

16   -   OPINION AND ORDER

there is not a substantial difference between a cross-rod component that "crosses a portion of the width of the enclosure in between the first and second ends" and the base of the BikePod; between "a rod generally extending upwards from the cross-rod component and shaped so as to flank a side of the vehicle for lateral support thereof" and the wheel guide of the BikePod; and between "a rigid shell pivotally mounted to the cross-rod component between its first an second ends to swing between an open position for insertion and removal of the vehicle, and a closed position wherein said shell is lowered to at least substantially enclose the vehicle to resist theft of the vehicle or components thereof" and the fixed and pivoting shells of the BikePod.

On this record, the Court concludes Starlite has shown there is a genuine issue of material fact as to whether the BikePod infringes Claim One of the '120 Patent under the Doctrine of Equivalents. The Court, therefore, denies Huntco's Motion as to infringement under the Doctrine of Equivalents.[1]

---

[1] As noted, Huntco did not refute Starlite's nine new factual allegations submitted in Starlite's Concise Statement of Material Facts in Support of its Opposition to Plaintiff's Motion for Summary Judgment. The Court notes, however, that Starlite did not move for summary judgment on its Counterclaim of infringement under the Doctrine of Equivalents, and, therefore, Starlite's additional alleged facts in support of its position as to the Doctrine of Equivalents operate solely to defeat Huntco's Motion.

17  -  OPINION AND ORDER

**II.  Damages.**

Huntco seeks summary judgment against Starlite's Counterclaim for damages.  Specifically, Huntco contends even if it infringed the '120 Patent, Starlite has not sustained any damages in light of the fact that Huntco has not sold any BikePod units.

When infringement is found to have occurred,

> the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
>
> When the damages are not found by a jury, the court shall assess them.

35 U.S.C. § 284.  "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty" if the patent is infringed.  *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003).

Starlite has submitted the October 1, 2008, deposition testimony of Harold Lueken, a director with Starlite, to support its Counterclaim for damages.  Although Huntco may not have sold any BikePods to date, Lueken testified Huntco has offered the BikePod for sale and engaged in marketing efforts that have caused confusion between BikePod and BikeLid products.  Offering a patented invention for sale is sufficient conduct under

18   -   OPINION AND ORDER

35 U.S.C. § 371 to infringe a patent.  *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("[L]iability for infringement requires a party to make, use, sell, or offer to sell the patented invention.").  As noted, the Court must award at least a reasonable royalty if infringement has occurred.

The Court has concluded a genuine issue of material fact exists as to whether Huntco has infringed Claim One of the '120 Patent under the Doctrine of Equivalents.  On this record, therefore, the Court concludes the fact that Huntco has not yet sold any BikePods does not preclude the possibility of an award of damages to Starlite for an alleged infringement of the '120 Patent.  The Court, therefore, denies Huntco's Motion for a declaratory judgment that Starlite is not entitled to damages even if Huntco infringed Claim One of the '120 Patent.

## CONCLUSION

For these reasons, the Court

1.   **DENIES** Defendant Starlite's Motion in its entirety;

2.   **GRANTS in part** and **DENIES in part** Plaintiff Huntco's Motion as follows:

   a.   **GRANTS** Huntco's Motion for a declaratory judgment that the BikePod does not literally infringe Claim One of the '120 Patent;

19   -   OPINION AND ORDER

      b.   **DENIES** Huntco's Motion for a declaratory judgment that the BikePod does not infringe Claim One of the '120 Patent under the Doctrine of Equivalents; and

      c.   **DENIES** Huntco's Motion for a declaratory judgment that Starlite is not entitled to damages.

IT IS SO ORDERED.

DATED this 20th day of April, 2009.

                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge