FILED'09 JUL 29 08:01USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

HUNTCO SUPPLY, LLC,                           07-CV-401-BR

      Plaintiff,                       OPINION AND ORDER

v.

STARLITE MEDIA, LLC,

      Defendant.

JOHN F. NEUPERT
MICHELLE E. BARTON
Miller Nash, LLP
111 S.W. Fifth, Ave., Suite 3400
Portland, OR  97204
(503) 224-5858

      Attorneys for Plaintiff

J. PETER STAPLES
SUSAN D. PITCHFORD
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR  97204
(503) 227-5631

1   -   OPINION AND ORDER

**CHRISTOPHER H. STRATE**
**WESLEY W. WHITMYER, JR.**
St. Onge Steward Johnston & Reens, LLC
986 Bedford St.
Stamford, CT   06905
(203) 324-6155

            Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on the Motion (#87) for

Reconsideration filed by Plaintiff Huntco Supply, LLC.   For the

reasons that follow, the Court **GRANTS** Huntco's Motion but,

nevertheless, the Court adheres to its April 21, 2009, ruling to

consider the second report of Starlite's expert, Fred P. Smith.

In the interest of fairness, however, the Court grants Huntco

leave to depose Smith as to his second report and to inform the

Court no later than August 31, 2009, whether it has any basis to

assert it still is entitled to summary judgment as to the

doctrine-of-equivalents issue in light of the discovery.   The

Court thereafter will determine how to proceed.


                        **BACKGROUND**

     Starlite Media, LLC, (formerly known as BikeLid Systems,

LLC, and Plastron Products, LLC) is a Delaware limited-liability

company with its principal place of business in New York City,

New York.   Huntco is an Oregon limited-liability company with its

principal place of business in Portland.


2   -  OPINION AND ORDER

Starlite manufactures and sells security enclosures for bicycles and similar small vehicles. On May 30, 2000, Starlite was issued United States Patent No. 6,068,120 ('120 Patent), which describes an enclosure for a bicycle or small vehicle. Starlite sold a product called BikeLid based on the '120 Patent.

Huntco also has designed a security enclosure for a bicycle named BikePod.

In 2006 Starlite became aware of Huntco's BikePod. On November 29, 2006, Starlite sent Huntco a letter alleging the BikePod infringed the '120 Patent and demanding Huntco cease infringing the '120 Patent and supply a complete customer list and a full accounting to Starlite so it could determine the scope of Huntco's infringement. On January 12, 2007, Huntco responded to Starlite's November 29, 2006, letter and denied the BikePod infringed the '120 Patent. On March 2, 2007, Starlite again sent a letter to Huntco and reiterated its demand that Huntco cease all infringing activities immediately.

On March 19, 2007, Huntco filed a Complaint in this Court seeking a declaratory judgment that the BikePod does not infringe Starlite's '120 Patent. On January 9, 2008, Starlite filed its Answer and Counterclaim for infringement of its '120 Patent and requested this Court to award damages and attorneys' fees to Starlite and to enjoin Huntco from further infringement of the '120 Patent.

On October 14, 2008, Starlite filed a Motion for Summary Judgment against Huntco for literal infringement of Claim One of Starlite's '120 patent.

On October 31, 2008, Huntco filed a Motion for Summary Judgment seeking (1) a declaration that the BikePod does not infringe Claims One or Fourteen of the '120 Patent and (2) summary judgment as to whether Starlite is entitled to damages.  Huntco also asserted the Court should not consider Smith's second report in connection with the pending motions because the report was not timely filed.

On February 4, 2009, the Court heard oral argument on both Motions.  At oral argument, Starlite conceded the BikePod does not infringe Claim Fourteen of the '120 Patent.  Huntco also reiterated its position that the Court should not consider Smith's second report because it was filed untimely.

On April 21, 2009, the Court issued an Opinion and Order in which it concluded Starlite was not entitled to summary judgment as to the BikePod's literal infringement of the '120 Patent and, accordingly, denied Starlite's Motion.  The Court also granted Huntco's Motion for a declaratory judgment that the BikePod does not literally infringe the '120 Patent.  After concluding that the untimely submission of the second report was not prejudicial to Huntco, the Court found the report creates a question of fact as to the issue of infringement under the doctrine of

equivalents.  Thus, the Court concluded in its Opinion and Order
that Huntco was not entitled to a declaratory judgment that the
BikePod does not infringe the '120 Patent under the doctrine of
equivalents or precluding an award of damages to Starlite.

On May 5, 2009, Huntco filed a Motion for Reconsideration in
which it requests the Court to reconsider its ruling that the
untimeliness of Smith's second report was not prejudicial to
Huntco.

On May 7, 2009, the Court conferred with counsel relating to
Huntco's Motion for Reconsideration.  The Court noted it had
considered Smith's second report in part because Huntco contended
at oral argument that there was sufficient material in the
existing record to refute it.  The Court also noted it had
allowed Huntco an opportunity pinpoint this material in the
record via a supplemental memorandum, and the Court considered
Huntco's disinclination to do so to be an acknowledgment that the
record, with Smith's second report as part of it, contained
unresolved fact issues on the issue of infringement under the
doctrine of equivalents.  In the May 7, 2009, conference,
however, it became clear that Huntco thought it was unfair that
it had only been permitted to refute Smith's second report by
reference to the existing record rather than being permitted to
supplement the record.

The Court requested the parties to confer and to submit a

5  -  OPINION AND ORDER

proposal for resolving the issue but advised the parties it would issue its ruling on Huntco's Motion for Reconsideration if they could not reach an agreement.  On May 15, 2009, Starlite filed its Response to Huntco's Motion for Reconsideration in which Starlite advised the Court that the parties could not reach an agreement.

### STANDARDS

Under Federal Rule of Civil Procedure 60(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).  The disposition of a motion for reconsideration is within the discretion of the district court.  *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006).

### DISCUSSION

Huntco contends the Court erred by considering Smith's second report even though it was filed untimely.  Huntco asserts the untimeliness of the report prejudiced Huntco because it did not have an adequate opportunity to respond to Smith's second report.  Starlite, in turn, asserts the Court did not err because

6    -   OPINION AND ORDER

any prejudice to Huntco was cured when the Court offered Huntco the opportunity to rebut the report by reference to the record. In the alternative, Starlite asserts any potential prejudice to Huntco can by cured by allowing Huntco an opportunity to rebut Smith's second report by supplementing the record.

"The party that wants the information admitted has the burden of proving that his failure to disclose the information . . . was harmless." *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wa. 2004)(citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001)). To determine whether it is appropriate to exclude evidence as a sanction for violating a discovery requirement, the Court looks to (1) prejudice to the other party, (2) public policy favoring disposition on the merits, (3) the availability of less drastic sanctions, (3) the Court's need to manage its docket, and (4) the public's interest in expeditious resolution of litigation. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Prejudice to the other party is lessened when the party was on notice of the identity of the expert witness. *Galentine*, 333 F. Supp. 2d at 994. Prejudice is also lessened when the other party has notice of the theory on which the party retaining the expert intends to rely. *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F. Supp. 2d 130, 137 (D. Mass. 2006). *See also 800 Adept, Inc.*

7 - OPINION AND ORDER

*v. Murex Sec., Ltd.*, No. 02-CV-1354, WL 5359053, at *3 (M.D. Fla., Aug. 25, 2006)(new theory of invalidity based on second expert report not admissible); *Carson Harbor Village, Ltd. v. Unocal Corp.*, No. 96-CV-3821, WL 22038700, at *3 (C.D. Cal. 2003) (late designation of expert not allowed when party used expert to advance new theory). Prejudice to the other party can be ameliorated by allowing a supplemental deposition and/or allowing a second dispositive motion. *Galentine*, 333 F. Supp. 2d at 994. In addition, excluding evidence "that would make it impossible to advance one's claims and thereby have the effect of an outright dismissal" is a severe sanction. *Galentine*, 333 F. Supp. 2d at 994 (citing *Yeti by Molly*, 259 F.3d at 1106).

The Court notes Smith's first report gave Huntco notice of the identity of Starlite's expert and the theories under which Starlite intended to pursue its infringement claim, including the doctrine of equivalents. *See Galentine*, 333 F. Supp. 2d at 994. *See also Diomed*, 450 F. Supp. 2d at 137. The second report did not present a new theory of infringement or a new expert. Any potential prejudice of the second report to Huntco, therefore, was lessened. *See Galentine*, 333 F. Supp. 2d at 994. *See also Diomed*, 450 F. Supp. 2d at 137.

Nonetheless, Huntco again requests the Court to exclude Smith's second report, which would result in removing any question of material fact as to whether the BikePod infringes the

8   -   OPINION AND ORDER

'120 Patent under the doctrine of equivalents.  Excluding Smith's second report, therefore, would be a "severe sanction" because it would decide the equivalency issue in favor of Huntco without the Court considering the merits.  *See id.*

The Court declines to preclude Starlite from litigating the remaining infringement issue on its merits.  Instead, in these circumstances, the Court concludes any prejudice to Huntco may be ameliorated by allowing Huntco to depose Smith on the doctrine-of-equivalents issue and to assess at that point whether it still has a basis to argue it is entitled to summary judgment on the doctrine-of-equivalents issue.

Accordingly, the Court adheres to its ruling regarding its consideration of Smith's second report, but the Court grants Huntco leave to depose Smith as to the doctrine-of-equivalents issue and to inform the Court no later than August 31, 2009, whether it wishes to be heard further on the question of whether it is entitled to summary judgment on the doctrine-of-equivalents issue.

## CONCLUSION

For these reasons, the Court **GRANTS** Huntco's Motion (#87) for Reconsideration but, nevertheless, the Court adheres to its April 21, 2009, ruling to consider the second report of Starlite's expert, Fred P. Smith.  In the interest of fairness,

9    -   OPINION AND ORDER

however, the Court grants Huntco leave to depose Smith as to his

second report and to inform the Court no later than **August 31,**

**2009**, whether it has any basis to assert it still is entitled to

summary judgment as to the doctrine-of-equivalents issue in light

of the discovery.  The Court thereafter will determine how to

proceed.

     IT IS SO ORDERED.

     DATED this _28th_ day of July, 2009.


                           ANNA J. BROWN
                           United States District Judge

10   -  OPINION AND ORDER